IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

| | |
|---|---|
| TRAXCELL TECHNOLOGIES II, LLC,<br>     Plaintiff,<br><br>v.<br><br>JUNIPER NETWORKS, INC.,<br>     Defendant | Civil Action No. 1:25-cv-00360<br><br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Traxcell Technologies II, LLC. ("Traxcell II") files this Original Complaint, and demand for jury trial seeking relief from patent infringement by Juniper Networks, Inc. ("Juniper" or "Defendant"), alleging infringement of the claims of U.S. Pat. No. 9,642,024 (referred to as "Patent-in-Suit"), as follows:

## I.   THE PARTIES

1.   Plaintiff Traxcell II is a Texas Limited Liability Company, with its principal place of business located in Austin, Texas.

2.   Defendant is a Delaware corporation with its principal place of business at 1133 Innovation Way Sunnyvale, California, 94089 and a regular and established place of business at 1 Penn Plz, Suite 1901, New York, New York 10119.  On information and belief, Defendant sells and offers to sell products and services throughout New York, including in this judicial district, and introduces products and services that perform infringing processes into the stream of commerce knowing that they would be sold in New York and this judicial district.  Defendant may be served at its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, or anywhere else it can be found.

## II.   JURISDICTION AND VENUE

1

3. This is an action for patent infringement arising under the patent laws of the U.S., 35 U.S.C. §§ 1 et. seq. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because: Defendant is present within or has minimum contacts within the State of New York and this judicial district; Defendant has purposefully availed itself of the privileges of conducting business in the State of New York and in this judicial district; Defendant regularly conducts business within the State of New York and within this judicial district; and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of New York and in this judicial district.

5. Venue is proper in this district under 28 U.S.C. § 1400(b). Defendant has committed acts of infringement and has a regular and established place of business in this District.

## V.     INFRINGEMENT ('024 Patent (Attached as exhibit A))

6. On May 2, 2017, U.S. Patent No. 9,642,024 ("the '024 patent") entitled "Machine for Providing a Dynamic Database of Geographic Location Information for a Plurality of Wireless Devices and Process for Making Same" was duly and legally issued by the U.S. Patent and Trademark Office. Traxcell II owns the '024 patent by assignment.

7. The '024 Patent's Abstract states, "For a wireless network, a tuning system in which mobile phones using the network are routinely located. With the location of the mobile phones identified, load adjustments for the system are easily accomplished so that the wireless network is not subject to an overload situation. Ideally the location of the mobile phones is accomplished whether the mobile phones are transmitting voice data or not."

8. Defendant maintained, operated, and administered systems, products, and services in the field of wireless networks that infringed one or more of claims of the '024 patent, including one or more of claims 6-10, literally or under the doctrine of equivalents. Defendant put the inventions

claimed by the '024 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

9. Support for the allegations of infringement may be found in the preliminary exemplary table attached as Exhibit B. These allegations of infringement are preliminary and are therefore subject to change.

10. Defendant has caused Plaintiff damage by direct infringement of the claims of the '024 patent.

## VI.    CONDITIONS PRECEDENT

11. Plaintiff has never sold a product. Upon information and belief, Plaintiff predecessors-in-interest have never sold a product. Plaintiff is a non-practicing entity, with no products to mark. Plaintiff has pled all statutory requirements to obtain pre-suit damages. Further, all conditions precedent to recovery are met. Under the rule of reason analysis, Plaintiff has taken reasonable steps to ensure marking by any licensee producing a patented article.

12. Plaintiff and its predecessors-in-interest have entered into settlement licenses with several defendant entities, but none of the settlement licenses were to produce a patented article, for or under the Plaintiff's patents. Duties of confidentiality prevent disclosure of settlement licenses and their terms in this pleading but discovery will show that Plaintiff and its predecessors-in-interest have substantially complied with Section 287(a). Furthermore, each of the defendant entities in the settlement licenses did not agree that they were infringing any of Plaintiff's patents, including the Patents-in-Suit, and thus were not entering into the settlement license to produce a patented article

for Plaintiff or under its patents.  Further, to the extent necessary, Plaintiff has limited its claims of infringement to method claims and thereby remove any requirement for marking.

13. To the extent Defendant identifies an alleged unmarked product produced for Plaintiff or under Plaintiff's patents, Plaintiff will develop evidence in discovery to either show that the alleged unmarked product does not practice the Patents-in-suit and that Plaintiff has substantially complied with the marking statute.  Defendant has failed to identify any alleged patented article for which Section 287(a) would apply.  Further, Defendant has failed to allege any defendant entity produce a patented article.

14. The policy of § 287 serves three related purposes: (1) helping to avoid innocent infringement; (2) encouraging patentees to give public notice that the article is patented; and (3) aiding the public to identify whether an article is patented.  These policy considerations are advanced when parties are allowed to freely settle cases without admitting infringement and thus not require marking.  All settlement licenses were to end litigation and thus the policies of §287 are not violated.  Such a result is further warranted by 35 U.S.C. §286 which allows for the recovery of damages for six years prior to the filing of the complaint.

15. For each previous settlement license, Plaintiff understood that (1) the settlement license was the end of litigation between the defendant entity and Plaintiff and was not a license where the defendant entity was looking to sell a product under any of Plaintiff's patents; (2) the settlement license was entered into to terminate litigation and prevent future litigation between Plaintiff and defendant entity for patent infringement; (3) defendant entity did not believe it produced any product that could be considered a patentable article under 35 U.S.C. §287; and, (4) Plaintiff believes it has taken reasonable steps to ensure compliance with 35 U.S.C. §287 for each prior settlement license.

16. Each settlement license that was entered into between the defendant entity and Plaintiff was negotiated in the face of continued litigation and while Plainytiff believes there was infringement, no defendant entity agreed that it was infringing. Thus, each prior settlement license reflected a desire to end litigation and as such the policies of §287 are not violated.

### VII.   JURY DEMAND

Plaintiff hereby requests a trial by jury on issues so triable by right.

### VIII.   PRAYER FOR RELIEF

WHEREFORE, Traxcell II respectfully requests that this Court:

i. enter judgment that Defendant has infringed the Patent-in-Suit;

ii. award Traxcell II damages in an amount sufficient to compensate it for Defendant's infringement of the Patent-in-Suit, in an amount no less than a reasonable royalty, together with prejudgment and post-judgment interest and costs under 35 U.S.C. § 284;

iii. award Traxcell II an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement by Defendant;

iv. declare this case to be "exceptional" under 35 U.S.C. § 285 and award Traxcell II its attorneys' fees, expenses, and costs incurred in this action against Defendant;

v. award Traxcell II such other and further relief as this Court deems just and proper.

### JURY DEMAND

Traxcell II hereby requests a trial by jury on issues so triable by right.

Respectfully submitted,

*/s/ David J. Hoffman*
David J. Hoffman
254 W 15th St., Apt. 2C
New York, New York 10011
(917) 701-3117 (telephone)
djhoffman@djhoffmanlaw.com

***Attorneys for Traxcell Technologies II, LLC***